# EXHIBIT A

**WILENCHIK & BARTNESS**
— A PROFESSIONAL CORPORATION —

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810      Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. CV2020-005264 |
| Plaintiff, | |
| v. | **SUMMONS** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

**THE STATE OF ARIZONA TO DEFENDANT:**

**JIM BRINTON**
**1217 SW 7th Street, Suite 100**
**Renton, WA 98057**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the

Summons and Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The names and address of Plaintiff's attorneys are:

Brian J. Foster, Esq.
Joshua C. Offenhartz, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
(602) 606-2810

You can get a copy of the court papers filed in this case from the Plaintiff's Attorney listed above, or from the Clerk of Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

. . .

. . .

2

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: _____

JEFF FINE,
CLERK OF THE COURT

By: _____
        Deputy Clerk





CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

APR 3 0 2020

3

WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. ___CV 2020-005264___ |
| Plaintiff, | |
| v. | **SUMMONS** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

**THE STATE OF ARIZONA TO DEFENDANT:**

**JANE DOE BRINTON**
**1217 SW 7th Street, Suite 100**
**Renton, WA 98057**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the

Summons and Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The names and address of Plaintiff's attorneys are:

Brian J. Foster, Esq.
Joshua C. Offenhartz, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
(602) 606-2810

You can get a copy of the court papers filed in this case from the Plaintiff's Attorney listed above, or from the Clerk of Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

. . .

. . .

1     Requests for an interpreter for persons with limited English proficiency must be made to

2 the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

3

4     SIGNED AND SEALED this date: _____

5                      JEFF FINE,

                        CLERK OF THE COURT

6

7                      By: _____

                           Deputy Clerk

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26





APR 3 0 2020

CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

3

WILENCHIK & BARTNESS
······· A PROFESSIONAL CORPORATION ·······

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810      Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. CV 2020-005264 |
| Plaintiff, | |
| v. | **SUMMONS** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

### THE STATE OF ARIZONA TO DEFENDANT:

**SSG MSA INC**
**c/o XFIRM, INC, - Registered Agent**
**2885 East Quail Ave**
**Las Vegas NV 89120**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the

Summons and Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The names and address of Plaintiff's attorneys are:

Brian J. Foster, Esq.
Joshua C. Offenhartz, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
(602) 606-2810

You can get a copy of the court papers filed in this case from the Plaintiff's Attorney listed above, or from the Clerk of Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

. . .

. . .

2

1

        Requests for an interpreter for persons with limited English proficiency must be made to
2 the division assigned to the case by the party needing the interpreter and/or translator or his/her
counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

3

        SIGNED AND SEALED this date: _____
4

                                JEFF FINE,
5                                CLERK OF THE COURT

6

                                By: _____
7                                      Deputy Clerk

8                                      

9                                      APR 3 0 2020

10                                CLERK OF THE SUPERIOR COURT
                                                      R. MERINO
11                                                    DEPUTY CLERK

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                    3

**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. CV2020-005264 |
| Plaintiff, | |
| v. | **SUMMONS** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | If you would like legal advice from a lawyer contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

**THE STATE OF ARIZONA TO DEFENDANT:**

**BBV SLABB, LLC**
**c/o James Brinton– Registered Agent**
**13007 167th Ave, NE**
**Redmond, WA 98052-1175**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the

Summons and Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The names and address of Plaintiff's attorneys are:

Brian J. Foster, Esq.
Joshua C. Offenhartz, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
(602) 606-2810

You can get a copy of the court papers filed in this case from the Plaintiff's Attorney listed above, or from the Clerk of Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

. . .

. . .

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date:_____

JEFF FINE,
CLERK OF THE COURT

By: _____
    Deputy Clerk





CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

# WILENCHIK & BARTNESS

### A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810        Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. _CV 2020-005264_ |
| Plaintiff, | |
| v. | **SUMMONS** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

**THE STATE OF ARIZONA TO DEFENDANT:**

**AVANTI LEASING FUND I, LLC**
**c/o National Registered Agents, Inc. – Registered Agent**
**1209 Orange Street**
**Wilmington, DE 19801**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the

Summons and Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The names and address of Plaintiff's attorneys are:

Brian J. Foster, Esq.
Joshua C. Offenhartz, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
(602) 606-2810

You can get a copy of the court papers filed in this case from the Plaintiff's Attorney listed above, or from the Clerk of Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

. . .

. . .

2

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date:_____

JEFF FINE,
CLERK OF THE COURT

By: _____
      Deputy Clerk



COPY

APR 3 0 2020

CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

3

## WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810          Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. CV 2020-005264 |
| Plaintiff, | |
| v. | **SUMMONS** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | If you would like legal advice from a lawyer, contact the Lawyer Referral Service at 602-257-4434 or www.maricopalawyers.org Sponsored by the Maricopa County Bar Association |
| Defendants. | |

**THE STATE OF ARIZONA TO DEFENDANT:**

**AVANTI MARKETS, INC.**
**c/o James Brinton– Registered Agent**
**1217 SW 7th Street, Suite 100**
**Redmond, WA 98057-5213**

**YOU ARE HEREBY SUMMONED** and required to appear and defend, within the time applicable, in this action in this Court.  If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you, exclusive of the date of service.  If served out of the State of Arizona - whether by direct service, by registered or certified mail, or by publication - you shall appear and defend within 30 days after the service of the

Summons and Complaint upon you has been complete, exclusive of the date of service.  Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until expiration of 40 days after date of such service upon the Director.  Service by registered or certified mail with the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court.  Service by publication is complete 30 days after the date of first publication.  Direct service is complete when made.  Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return.  RCP 4; A.R.S. §20-222, §28-502, §28-503.

**YOU ARE HEREBY NOTIFIED** that in the case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

**YOU ARE CAUTIONED** that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney.  RCP 10(d); A.R.S. §12-331; RCP 5.

The names and address of Plaintiff's attorneys are:

Brian J. Foster, Esq.
Joshua C. Offenhartz, Esq.
WILENCHIK & BARTNESS, P.C.
The Wilenchik & Bartness Building
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
(602) 606-2810

You can get a copy of the court papers filed in this case from the Plaintiff's Attorney listed above, or from the Clerk of Superior Court's Customer Service Center at:

- 601 West Jackson, Phoenix, Arizona 85003
- 18380 North 40th Street, Phoenix, Arizona 85032
- 222 East Javelina Avenue, Mesa, Arizona 85210
- 14264 West Tierra Buena Lane, Surprise, Arizona, 85374

Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

. . .

. . .

2

Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date: _____

JEFF FINE,
CLERK OF THE COURT


By: _____
           Deputy Clerk





CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

JEFF FINE
Clerk of the Superior Court
By Rebecca Merino, Deputy
Date 04/30/2020 Time 15:41:30

| Description | Amount |
|---|---|
| ------- CASE# CV2020-005264 ------- | |
| CIVIL NEW COMPLAINT | 333.00 |
| ------------------------------------ | |
| TOTAL AMOUNT | 333.00 |
| Receipt# 27766434 | |

**WILENCHIK & BARTNESS**
—— A PROFESSIONAL CORPORATION ——

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone: 602-606-2810     Facsimile: 602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| **MICHAEL MASONE, an individual;**<br><br>**Plaintiff,**<br><br>v.<br><br>**JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X,**<br><br>**Defendants.** | Case No. ___CV 2020-005264___<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)**<br><br>**(Tier 2)** |

Plaintiff Michael Masone ("Masone" or "Plaintiff"), by and through his attorneys, Wilenchik & Bartness, PC and for his Complaint ("Complaint") against Defendants BVV Slabb, LLC, Jim Brinton, Avanti Markets, Inc., Avanti Leasing Fund I, LLC, and SSG MSA Inc. alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Michael Masone is a Massachusetts resident, single man, and former employee and shareholder of Slabb Kiosks, Inc. He is also a current shareholder of SSG MSA, Inc.

2.      Slabb Kiosks, Inc., ("Slabb") is a Nevada company doing business in Maricopa County, Arizona.

3.      Defendant BBV Slabb, LLC, ("BBV Slabb") is a Washington limited liability company doing business in Maricopa County, Arizona

4.      Defendant Jim Brinton ("Brinton") is a Washington resident, married man, and current majority shareholder in BBV Slabb.

5.      Defendant Avanti Markets. Inc. ("Avanti Markets") is a Washington corporation doing business in Maricopa County, Arizona.

6.      Defendant Avanti Leasing Fund I, LLC ("Avanti Leasing") is a Delaware limited liability company doing business in Maricopa County, Arizona

7.      SSG MSA, Inc., ("SSG") is a Nevada C-Corporation doing business in Maricopa County, Arizona.

8.      Peter te Lintel Hekkert ("Peter" or "Hekkert") is a citizen of Trinidad and Tobago and the former director and majority shareholder in Slabb Kiosks Inc. and SSG MSA Inc.

9.      John Does and Jane Does I-X, ABC Partnerships I-X, ABC limited liability companies I-X, XYZ Corporations I-X are fictitious names designating an individual or individuals, masculine or feminine, or legal entities not yet identified who have acted in concert with the named Defendants either as principals or agents or co-participants whose true names Plaintiff will insert when identified as if correctly named originally.

10.     Defendants reside in, do business in, and/or have caused events to occur in Maricopa County, Arizona out of which the claims stated herein arise.

2

11.     This Court has jurisdiction over this matter pursuant to Article VI, § 14 of the Arizona Constitution and A.R.S. § 12-123.

12.     The amount in controversy exceeds the minimal jurisdictional limits of this Court.

13.     Venue is proper in this Court pursuant to A.R.S. § 12-401.

## ALTER EGO ALLEGATIONS

14.     There exists and at all relevant times herein, existed a unity of interest, control and ownership between Brinton and Avanti Markets, Inc., and Avanti Leasing Fund I, LLC that any individuality and separateness between them has ceased and they are the alter-egos of each other.

15.     At all relevant times herein, Brinton, either directly or indirectly, dominated, influenced, and controlled Avanti Markets, Inc. and Avanti Leasing Fund I, LLC, as well as the business, property, and affairs of both.

16.     For the purpose of the events alleged in this lawsuit Avanti Markets, Inc. and Avanti Leasing Fund I, LLC are mere shells, instrumentality, or conduit of Brinton alone, which he has used to effectuate his fraud and deception and breach of duties and to promote manifest injustices as alleged herein and should be disregarded.

17.     Brinton failed to respect the corporate formalities of Avanti Markets, Inc. and Avanti Leasing Fund I, LLC, commingled corporate and personal funds, and used corporate funds for his personal use and benefit. Moreover, Brinton is further sued herein for his wrongful tortious acts he participated in with Avanti Markets Inc, Avanti Leasing Fund I, LLC, and once he assumed control over BB Slabb, LLC, Slabb Kiosks, Inc, and SSG MSA, Inc, ("Collectively Corporate Defendants") which he personally controlled and directed under various titles for those entities.

18.     There is insufficient separation of identity between Brinton and Corporate Defendants such that injustice would result to Plaintiff in this matter if the corporate veil of Corporate Defendants were to remain intact.

3

19.    It is also believed that Brinton entered in various agreements with Corporate Defendants to perpetrate the fraud and injustice against Plaintiff that Brinton has caused. As the alter egos of one another, Brinton and Corporate Defendants and are jointly and severally liable for the debts and obligations of the other.

## GENERAL FACTUAL ALLEGATIONS

20.    Avanti Markets was incorporated on July 2, 2012, and James Brinton is the CEO and Chairman of the Board.

21.    Avanti Markets provides unattended retail store packages for local entrepreneurs and food service companies to build businesses around.

22.    Slabb was founded in 2001 and its primary business was to manufacture self-service kiosks.

23.    During the relevant period, Slabb's shareholders were Hekkert, Masone, and Krystle Messano.

24.    Slabb received financing from SSG MSA, a company that Masone, Hekkert, and Briton were shareholders.

25.    SSG was founded in November 2016 and is an entity that provides lease financing and warranty support programs to customers of Slabb.

26.    At all relevant times, SSG's Directors were Jim Brinton, Michael Masone, and Peter te Lintel Hekkert.

### *SSG Leases Bearing Fraudulent Masone Signature on Personal Guarantees*

27.    The sole source of financing to SSG has been Avanti Leasing.

28.    On or about December 23, 2016, SSG and Avanti Leasing entered into an Equipment Lease ("First Lease").

29.    Pursuant to Section 3 of the First Lease, Masone and Hekkert were required to sign a personal guarantee as part the equipment lease.

WILENCHIK & BARTNESS
A PROFESSIONAL CORPORATION

4

30.     Pursuant to the terms of the First Lease, the term of the lease was 36 months and would commence on January 1, 2017 and end on January 1, 2020.

31.     Mr. Masone personally signed the First Lease in December 2016, which included the personal guarantee.

32.     Masone did not sign or authorize anyone to sign on his behalf any subsequent leases or personal guarantees.

33.     Unbeknownst to Mr. Masone, someone at SSG fraudulently signed Masone's name to at least 20 leases during the period of May 2017 to November 2018.

34.     Upon information and behalf, Masone believes that Hekkert fraudulently signed his name on those leases.

35.     Upon information and behalf, Masone believes that Hekkert was directed to fraudulently sign Masone's name by Brinton.

36.     At this time Mr. Masone is aware of at least 20 leases that fraudulently bear his signature, but it is not clear how many leases currently bear his fraudulent signature.

37.     Upon information and behalf, all of the known leases are currently active and are not in default.

38.     As a result of the payment dispute that has arisen between Masone and Brinton, Brinton has threatened to direct his companies to default on the SSG leases bearing Masone's fraudulent signature and personal guarantee, which would trigger Masone's personal liability and expose him to millions of dollars of damage.

### _Hekkert Fraud and Stock Sales Agreement and Asset Purchase Agreement_

39.     On or about March 13, 2019, Masone became aware that Hekkert had been fraudulent diverting assets of SSG.

40.     At or about this time Masone also became aware that Hekkert had been fraudulently diverting assets of Slabb.

41.     Masone immediately disclosed this information to Brinton.

42.    Masone was not involved in the fraud.

43.    At the time Hekkert's fraud was discovered, Slabb owed Masone approximately $207,000 based on work her performed for the company and/or earned as commissions arising from sales made on behalf of Slabb.

44.    As alleged supra, upon information and belief, Hekkert also fraudulent signed Masone's name on at least 20 SSG lease agreements, which contained signed personal guarantees.

45.    As a result of Hekkert's fraud, Brinton decided to try to acquire Hekkert's stocks in SSG and Slabb's assets, and to remove Hekkert as an owner of and end his involvement with any of the entities.

46.    Brinton and Masone discussed a number of options whereby Brinton, or his other corporate entities, would obtain control of Hekkert's SSG shares and Slabb's.

47.    Initially the Brinton and Masone discussed a stock sales agreement for control of Slabb.

48.    After extensive discussions between Brinton and Masone, Brinton decided to pursue an asset purchase of Slabb.

49.    Upon information and belief, Brinton settled on the asset purchase agreement to order to avoid paying Slabb's creditors and to avoid any liability created by Hekkert's fraud.

50.    As part of any agreement related to SSG or Slabb, Brinton would require Masone's signature to agree to terms and prepare and execute necessary documents to complete the transaction.

51.    At or about this time, Masone informed Brinton that Slabb owed Masone approximately $207,148.95.

52.    As part of the negotiations between Brinton and Masone concerning SSG and Slabb, Briton personally and/or through one of his corporate entities, agreed to pay Masone the money owed to him by Slabb.

6

53. As part of these negotiations, Brinton directed Masone and Krystle Messano to connect with Brad Holtan, Avanti Market's CFO, to review Slabb's accounts and confirm the amounts owed to him.

54. As part of these negotiations, Brinton and Brad Holton had discussions with Slabb's CFO, Krystle Messano, to confirm the amounts owed to Masone.

55. At or about this time, Charlotte Wright, was hired at Slabb as a bookkeeper to help Krystle Messano manage Slabb's day-to-day finances.

56. Brinton and Masone ultimately reached an agreement whereby Brinton, either personally or through his corporate entities (BBV Slabb, Avanti Markets, or Avanti Leasing) would pay Masone $207,148.95 in exchange for his signature on the Asset Purchase Agreement and so that he would not exercise his Dissenter's Rights under Nevada Law or oppose the SSG Stock Purchase Agreement.

57. On or about March 1, 2019, the parties signed and executed the Common Stock Purchase Agreement whereby Hekkert sold and transferred 5,000,000 shares of SSG common stock to Brinton for one dollar ($1.00).

58. On or about April 30, 2019, Masone and Krystle Messano signed and executed a Waiver and Consent to Actions in Lieu of Special Meeting of the Shareholders and Directors of Slabb, Inc., which authorized Hekkert to enter into an Asset Purchase Agreement with Brinton that would result in Slabb's assets being sold to Brinton and BBV Slabb.

59. The Waiver and Consent to Actions in Lieu of Special Meeting of the Shareholders and Directors of Slabb, Inc., included a copy of Nevada's Dissenter's Rights Statute, Chapter 92A.300-500.

60. Without Masone's signature, the Asset Purchase Agreement and Stock Sale Agreement could not have been completed.

7

61.   Shortly after the Asset Purchase Agreement was signed, Brinton directed Chris McCormack ("McCormack"), CFO of BBV Slabb, to negotiate the specific terms of repayment on Brinton's behalf, and clearly communicated McCormack's authority to do so to Masone.

62.   As a result, Masone believed that McCormack had authority to negotiate Brinton's payment of $207,148.95 to Masone, and Masone relied upon those statements to enter into negotiations with Mr. McCormack.

63.   Masone and McCormack entered into negotiations over payment and met and communicated on multiple occasions regarding the terms of payment of monies owed to Masone by Brinton.

64.   Ultimately, Masone and McCormack reached an understanding as to the terms and monies that Brinton and BBV Slabb would repay Masone and how that money would be repaid.

65.   Masone and McCormack's agreement was that Brinton, personally or through one of his corporate entities (BBV Slabb or Avanti Markets), would pay Masone over nine installment payments of $23,016.55 occurring monthly beginning in April 2019 and ending in December 2019, for a total of $207,148.95.

66.   Thereafter, Brinton personally, and BBV at Brinton's direction, refused to honor the agreement reached by his agent McCormack.

67.   In subsequent conversations between Brinton and Masone regarding the money owed to Masone, Brinton made implicit threats that he would direct BBV Slabb and Avanti Markets to default on leases with SSG in order to trigger the personal guarantees contained in those leases thereby exposing Masone to millions of dollars in liability if he did not drop his pursuit of the monies owed to him.

68.   As a direct result of the agreement reached by Brinton and Masone, Brinton, Avanti, and BBV Slabb directly benefited:

8

a. Avanti's shareholders and owners are now protected from the fraud that Hekkert's committed at Slabb that was discovered and reported by Masone to Brinton.

b. Avanti continues to benefit from the financing it provides to Slabb (now BBV Slabb).

c. BBV benefits from the elimination of the fraud which imperiled Slabb and has now been eliminated.

d. Brinton/BBV Slabb have been unjustly enriched by keeping monies promised and owed to Masone.

## COUNT I    DECLARATORY RELIEF

### (Against SSG)

69.     Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein

70.     The parties have an actual controversy in this case as to the parties' rights, obligations, status, relationships and/or legal relations as described in the Complaint.

71.     Specifically, Masone seeks a declaration that his signature on the personal guarantee included in various SSG Licensure Agreements was fraudulently obtained.

72.     In addition, Masone seeks a declaration that his signature on any of the SSG Licensure Agreements is void and ineffective.

73.     Masone is legally entitled to declaratory relief in this action pursuant to A.R.S. §12-1832 and to terminate the controversy and remove any uncertainty as to the parties' rights, responsibilities and status.

## COUNT II    INJUNCTIVE RELIEF

### (against Brinton, Avanti Markets, SSG, and BBV Slabb)

74.     Masone restates and re-alleges the allegations of the previous Paragraphs of this Complaint as if fully set forth herein.

9

75.     Hekkert's wrongful signing of Masone's name onto the various SSG licensing agreements caused and will continue to cause irreparable injury to Masone that cannot be compensated via monetary damages of including, but not limited to, reputational damage and loss of goodwill in the industry.

76.     Masone requests the following injunctive relief:

a.   An Order preventing Avanti Markets from deliberately stopping to make payments on the SSG Lease Agreements thereby triggering the personal guarantee contained therein that was fraudulent signed by Hekkert on behalf of Masone.

b.   An Order preventing BBV Slabb from deliberately stopping to make payments on the SSG Lease Agreements thereby triggering the personal guarantee contained therein that was fraudulent signed by Hekkert on behalf of Masone.

c.   An Order preventing Jim Brinton from directing any of his companies to stop to making payments on any SSG Lease Agreements thereby triggering the personal guarantee contained therein that was fraudulent signed by Hekkert on behalf of Masone.

## COUNT III  BREACH OF CONTRACT

### (against Brinton)

77.     Masone restates and re-alleges the allegations of the previous Paragraphs of this Complaint as if fully set forth herein.

78.     Brinton violated the Operating Agreement by failing to pay Masone commissions owed to him by Slabb

79.     Further, Brinton is required to make certain tax distributions, profit distributions, and management fee payments to Masone, which it has refused to do in order to try and "freeze" Masone out.

80.     Moreover, Brinton did not have the authority to terminate Masone's status as a co-manager.

81.     Brinton also breached the Asset Purchase Agreement and Slabb's Operating Agreements by attempting to forcibly sell Masone's interests to itself disguised as a third-party, Slabb BBV, in a backdoor deal that only benefited Brinton.

82.     The action arises out of contract, and therefore, Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT IV  BREACH OF CONTRACT

### (against Brinton)

83.     Masone restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

84.     Brinton violated the Brinton-Masone contract by failing to pay Masone monies owed to him under the agreement.

85.     Brinton failed to pay Masone the $207,148.95 the parties agreed to in exchange for Masone not exercising his dissenter's rights and allow the Asset Purchase Agreement to proceed.

86.     Masone signed the Asset Purchase Agreement and did not exercise his dissenter's rights, per the Brinton-Masone contract.

87.     Brinton failed to pay Masone the monies owed to him.

88.     The action arises out of contract, and therefore, Plaintiff is entitled to an award of attorneys' fees and costs.

## COUNT V   BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

### (against Brinton)

89.     Masone restates and re-alleges the allegations of the previous paragraphs of this Complaint as if fully set forth herein.

90.     Arizona law implies a covenant of good faith and fair dealing in every contract.

11

91.     Brinton breached the implied covenant of good faith and fair dealing by failing to pay Masone the monies owed to him by Slabb or under the Brinton-Masone agreement that was a material term of Masone's agreeing to the Asset Purchase Agreement.

92.     In addition to the terms of the contract, the law implies a covenant of good faith and fair dealing in every contract. The covenant imposes on Brinton a duty to act in good faith and to deal fairly with Masone at all times, and to refrain from undertaking actions designed to deprive Masone of its bargain with Brinton and Slabb.

93.     Brinton breached the implied covenant of good faith and fair dealing by, among other things, failing to pay Masone the monies owed to him by Slabb and arising from the Brinton-Masone agreement related to the Asset Purchase Agreement.

94.     In addition, to the extent that any of the alleged breaches of contract described above are determined not to be actual breaches of contract, alternatively, they are breaches of the implied covenant of good faith and fair dealing.

95.     As a direct and proximate result of the Brinton's breach of the implied covenant of good faith and fair dealing, Masone has been damaged in an amount to be proven at trial.

## COUNT VI  FRAUDULENT TRANSFER - A.R.S. § 44-1004

### (against Brinton and BBV Slabb)

96.     Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein.

97.     The purported sale of Hekkert's interest under the Stock Sale Agreement constituted a fraudulent transfer pursuant to A.R.S. § 44-1004.

98.     As a result of the purported sale under the Stock Sale Agreement, Brinton became a debtor to Masone.

99.     Brinton knew that it was purchasing Hekkert's interest in Slabb and knew that Hekkert's interest was worth substantially more than the purchase price.

12

100.   The purported sale of Hekkert's interest under the Stock Sale Agreement was undertaken and accomplished with actual intent to hinder, delay, and defraud Masone and Slabb.

101.   As explained herein, at the time of the Stock Sale Agreement, Brinton had no intention of honoring the contract made to Masone to relinquish his dissenter rights in exchange for monies owed to Masone by Slabb.

102.   The purported sale of Hekker's interest under the Stock Sale Agreement was completed without Masone receiving a reasonably equivalent value in exchange for his interested transferred to Brinton.

103.   Upon information and belief, Slabb is insolvent and is not able to meet its contractual obligations.

## COUNT VII TORTIOUS INTERFERNCE

### (against Brinton and Avanti Marketing)

104.   Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein.

105.   Masone had a contract and business relationship with Slabb and SSG.

106.   Brinton and Avanti Market knew about Masone's contracts with Slabb, and SSG. Specifically, Masone's commissions with Slabb and personal guarantees with SSG.

107.   Brinton and Avanti Market interfered with Masone's contractual relationship with Slabb as alleged herein which caused a breach or termination of that relationship.

108.   Brinton and Avanti Market's conduct was improper.

109.   Masone suffered damages caused by the breach or termination of the Masone's contractual relationship with Slabb.

110.   Brinton and Aventi Market's conduct was willful and malicious, extreme and outrageous; thus, meriting an award of punitive damages.

**COUNT VIII UNJUST ENRICHMENT**

**(against Brinton, BBV Slabb, Avanti Market)**

111.   Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein.

112.   By misappropriating Hekkert's interest in SSG and failing to pay monies owed to Masone promised to him by Brinton on behalf of BBV Slabb and Avanti Markets, Brinton and BBV Slabb have been unjustly enriched in that he received and accepted assets to which the is not entitled.

113.   Masone has suffered a detriment that is a direct and proximate result of Brinton, BBV Slab, and Aventi Market's enrichment.

114.   There is no justification for Brinton, BBV Slabb, and Avanti Market to retain its benefit at Masone's expense.

115.   Brinton, BBV Slabb, and Avanti Market's conduct proximately caused and is causing Masone to suffer direct and indirect injuries and damages in an amount to be proven at trial.

**COUNT IX  CIVIL CONSPIRACY**

**(against Brinton, BBV Slabb, and Avanti Markets)**

116.   Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein.

117.   Brinton, BBV Slabb, and Avanti Markets had an agreement to fraudulently oust Masone from Slabb in order to take over the company and its assets without paying fair market value for Masone's membership interests.

118.   Brinton and BBV Slabb accomplished this goal by fraudulently procuring Masone's proxy and then voting to transfer Slabb's assets to BBV Slabb to remove Masone from the company without paying fair market value for his interests and avoid paying other liabilities owed to Masone.

14

119.   Upon information and belief, additional unknown individuals and entities also participated in the agreement described herein.

120.   As a result of the above, Masone has been substantially and materially harmed in an amount to be proven at trial.

121.   Brinton and BBV Slabb's civil conspiracy was maliciously agreed upon, with willful and wanton disregard to Masone's interests; thus, meriting an award of punitive damages.

## COUNT X   AIDING AND ABETTING TORTIOUS CONDUCT

### (against Brinton, BBV Slabb, Avanti Markets, Avanti Leasing)

122.   Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein.

123.   As alleged herein, Masone was injured by the tortious conduct of primary tortfeasors, including Brinton and BBV Slabb, Avanti Markets, and Avanti Leasing and others who conspired or acted in concert with them.

124.   Brinton and BBV Slabb, Avanti Markets, and Avanti Leasing knew that the other, or other primary tortfeasors, were engaged in tortious conduct designed to cause injury to Masone.

125.   Brinton and BBV Slabb, Avanti Markets, and Avanti Leasing substantially assisted or encouraged one another as independent primary tortfeasors in the achievement of the acts described herein.

126.   Brinton and BBV Slabb, Avanti Markets, and Avanti Leasing substantially assisted or encouraged other primary tortfeasors in causing harm to Masone.

127.   As a result of the above, Masone has been substantially and materially harmed in an amount to be proven at trial.

128.   Brinton and BBV Slabb, Avanti Markets, and Avanti Leasing acted intentionally and with an evil mind, were motivated by spite or ill will, acted to serve their own interests and

1 | had reason to know of and consciously disregarded a substantial risk that their conduct might

2 | significantly injure the rights of others, and consciously pursued a course of conduct knowing

3 | that it created a substantial risk of harm to others.

4 |      129.   Brinton and BBV Slabb, Avanti Markets, and Avanti Leasing actions were

5 | intentional, extreme and outrageous in nature, thus, meriting an award of punitive damages.

6 | **COUNT XI  CONSTRUCTIVE FRAUD**

7 | **(against Brinton, BBV Slabb, and Avanti Leasing.)**

8 |      130.   Masone incorporates by reference the prior paragraphs of this Complaint as if fully

9 | alleged herein.

10 |      131.   The contractual relationship between Masone and Brinton and BBV Slabb and

11 | Avanti Leasing is fiduciary in nature because Masone and Brinton were co-shareholders in

12 | Slabb Kiosks and SSG and the Brinton was BBV Slabb manager and CEO.

13 |      132.   As a manager, officer, and member of BBV Slabb and Avanti Leasing, and

14 | majority shareholder in SSG Brinton owed certain fiduciary duties to Masone.

15 |      133.   Brinton has intentionally, purposefully, and with bad faith breached the trust

16 | conferred by Masone and the fiduciary duties owned to Masone.

17 |      134.   Brinton has purposefully deceived Masone and, in doing so, violated public and

18 | private interests, including engaging in a fraudulent transfer and securities fraud. Brinton also

19 | failed to disclose material facts as alleged herein.

20 |      135.   Brinton has thereby substantially and materially caused harm to Masone in an

21 | amount to be proven at trial.

22 |      136.   Masone is thereby entitled to recover actual, consequential, and incidental

23 | damages against Brinton as determined at trial.

24 |      137.   Brinton acted intentionally, in bad faith, and with malice in breaching fiduciary

25 | duties, deceiving and misleading Masone, and violating public and private interests, and Masone

26 | is therefore entitled to recover punitive damages against Brinton.

16

## COUNT XII BREACH OF FIDUCIARY DUTY

### (against Brinton)

138.   Masone incorporates by reference the prior paragraphs of this Complaint as if fully alleged herein.

139.   As a director and/or officer of BBV Slabb, LLC,, SSG, and Avanti Leasing owed fiduciary duties of care, loyalty, and good faith to Slabb, BBV Slabb, and SSG and its members, including Masone.

140.   Brinton's fiduciary duties include obligations to exercise good business judgment, to act prudently in the operation of BBV Slabb, SSG, and Avanti Leasing, to discharge its actions in good faith, to act in the best interest of SSG, BBV Slabb and its members, and to put the interests of SSG and BBV Slabb before his own.

141.   As described herein, Brinton breached his fiduciary duties.

142.   As a direct and proximate result of Brinton's breach of fiduciary duties Masone has sustained damages in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Masone respectfully requests judgment against Defendants for:

A.   A Judgment in favor of Masone on all counts;

B.   Compensatory, general, and special damages in an amount Masone will prove at trial;

C.   Punitive damages in an amount Masone will prove at trial;

D.   Pre- and post-judgment interest to the extent permitted by law'

E.   An order by the Court to preserve Corporate Defendants records and requiring an accounting of them at Brinton's expense;

F.   An order granting Plaintiff declaratory relief as specified above;

G.    Plaintiff's reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01; and

H.    For such further relief as the Court deems just and proper under the circumstances.

**RESPECTFULLY SUBMITTED** this 30 day of April, 2020.

WILENCHIK & BARTNESS, P.C.

Brian J. Foster, Esq.
Joshua C. Offenhartz. Esq.
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing filed this 30 day of April, 2020, with:

The Clerk of the Superior Court
Maricopa County Superior Court
201/101 West Jefferson Street
Phoenix, Arizona 85003

By Christine Ferreira

18

**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona 85004

Telephone:  602-606-2810       Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

COPY

APR 3 0 2020

CLERK OF THE SUPERIOR COURT
R. MERINO
DEPUTY CLERK

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MICHAEL MASONE, an individual; | Case No. ___CV 2020-005264___ |
| Plaintiff, | |
| v. | **CERTIFICATE REGARDING COMPULSORY ARBITRATION** |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | |
| Defendants. | |

Pursuant to Ariz.R.Civ.P. 72(e)(1), the undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case **is not** subject to compulsory arbitration, as provided by Rules 72 through 76 of the Ariz.R.Civ.P.

**RESPECTFULLY SUBMITTED** this 30 day of April, 2020.

**WILENCHIK & BARTNESS, P.C.**

Brian J. Foster, Esq.
Joshua C. Offenhartz. Esq.
2810 North Third Street
Phoenix, Arizona 85004
admin@wb-law.com
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing filed
this 30 day of April, 2020, with:

The Clerk of the Superior Court
Maricopa County Superior Court
201/101 West Jefferson Street
Phoenix, Arizona 85003

By _____

2

**WILENCHIK & BARTNESS**
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
The Wilenchik & Bartness Building
2810 North Third Street  Phoenix, Arizona  85004

Telephone:  602-606-2810          Facsimile:  602-606-2811

Brian J. Foster, #012143
Joshua C. Offenhartz, 032494
admin@wb-law.com
bfoster@wf-law.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| MICHAEL MASONE, an individual, | Case No. CV2020-005264 |
| Plaintiff, | |
| v. | ACCEPTANCE OF SERVICE |
| JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company; AVANTI MARKETS INC., a Washington corporation, and JANE DOES I-X; ABC PARTNERSHIPS I-X; ABC LIMITED LIABILITY COMPANIES I-X; XYZ CORPORATIONS I-X, | (Assigned to the Honorable Michael Kemp) |
| Defendants. | |

I, Richard H. Herold and the law offices of Spencer Fane, hereby agrees to accept service on behalf of Defendants JIM BRINTON and JANE DOE BRINTON, husband and wife; BBV SLABB LLC, a Washington limited liability company; SSG MSA INC, a Nevada corporation; AVANTI LEASING FUND I LLC, a Delaware limited liability company;

AVANTI MARKETS INC., a Washington corporation, ("Defendants") of the Summons, Complaint, and Certificate of Compulsory Arbitration filed April 30, 2020 (collectively, the "Filings") in the above-entitled matter. I acknowledge receipt of the Filings and agree on behalf of the Defendants that this acceptance will have the same effect as if a licensed process server had served the Filings on the Defendants. This is not a waiver of service under Rule 4.1(c), but instead is an acceptance of service.

DATED this 4th day of June, 2020.

_R. H. Herold_

Richard H. Herold, Esq.
Spencer Fane
2415 E. Camelback Rd., Ste. 600
Phoenix, Arizona  85016
rherold@spencerfane.com
*Attorney for Defendant(s)*

2